15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique MENDOZA, Defendant-Appellant.
 No. 93-10089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Mendoza appeals his conviction following jury trial for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Mendoza contends (1) the district court erred by failing to instruct the jury on his theory of the defense and (2) the government's loss of certain evidence necessitates a new trial. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Theory of Defense Instruction
 
 
 4
 We review de novo whether other jury instructions adequately cover the defense theory of the case. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992). "It is not error, ..., to reject a theory-of-the-case instruction if the other instructions in their entirety cover the defense theory." United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), overruled on other grounds, Schmuck v. United States, 489 U.S. 705 (1989), cert. denied, 493 U.S. 1032 (1990).
 
 
 5
 Here, Mendoza claims his defense theory was that he did not know about the drugs found in the secret compartment of the truck. Mendoza requested that the jury be instructed that "If, after a consideration of all the evidence, you have a reasonable doubt that the defendant knew there were drugs in the vehicle, you must find the defendant not guilty." The district court declined to give the instruction because it was duplicitive and covered by other instructions.[1]
 
 
 6
 Upon review of the instructions given, we hold that the instructions given adequately cover the defense theory. Accordingly, the district court did not err by refusing to give the specific instruction requested by Mendoza. See Lopez, 885 F.2d at 1434.
 
 II
 Alleged Loss of Evidence
 
 7
 We review de novo whether the government's failure to preserve potentially exculpatory evidence violated due process. United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993).
 
 
 8
 To constitute a due process violation, the destroyed evidence must have an exculpatory value that was apparent before it was destroyed and be " 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.' " Id. (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)); see also United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991). In addition, the defendant must demonstrate that the law-enforcement officers acted in bad faith in failing to preserve the evidence. Cooper, 983 F.2d at 931 (citing Arizona v. Youngblood, 488 U.S. 51, 58 (1988)).
 
 
 9
 Mendoza alleges that customs agents lost his birth certificate and he was prejudiced because the certificate was necessary to substantiate his claim that after having driven across the border into the United States, he returned on foot to the inspection station in order to retrieve the certificate. At trial, Customs Officer Thomas Williams testified that Mendoza, upon being arrested after returning to the border, told him that he had walked back to the inspection station to retrieve his birth certificate.
 
 
 10
 We hold that Mendoza was not prejudiced by the alleged loss of the birth certificate. Customs Officer Williams' testimony concerning Mendoza's statement that he had returned to the inspection station to retrieve the birth certificate served the same purpose for which Mendoza intended to use the birth certificate. See Cooper, 983 F.2d at 931. Further, Mendoza has failed to show how his desire to retrieve a birth certificate constitutes evidence that he did not know that 121-kilograms of cocaine were hidden underneath the bed of the truck he was driving.
 
 
 11
 Accordingly, no due process violation has occurred to warrant the grant of a new trial. Id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mendoza's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court instructed the jury as follows:
 The government has the burden of proving every element of the charge beyond a reasonable doubt.... If the government fails to meet this burden, you must return a not guilty verdict as to that charge.
 ... In order for the defendant to be found guilty of that charge [possession with intent to distribute], the government must prove each of the following elements beyond a reasonable doubt:
 First, the defendant knowingly possessed cocaine; and Second, the defendant possessed cocaine with the intent to deliver it to another person....
 A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.
 Mere presence at the scene of a crime or mere knowledge that a crime is being committed by someone else are not sufficient to find that the defendant committed the crime alleged unless you find beyond a reasonable doubt that the defendant was a knowing participant and not merely a knowing spectator.